Olivia R. Beale (SBN 364820)
**JOSEPHSON DUNLAP LLP**
5847 San Felipe St., Suite 2400
Houston, Texas 77057
Tel: (713) 352-1100
Fax: (713) 352-3300
obeale@mybackwages.com

*Counsel for Policare and the Hourly Employees*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

**RACHEL POLICARE**, Individually and for Others Similarly Situated,

Plaintiff,

v.

**CHILDCARE CAREERS, LLC**, a California limited liability company and DOES 1-10, inclusive,

Defendants.

**Case No. 26-2592**

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**

(1) Failure to Pay Overtime Under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*);
(2) Failure to Pay Overtime Under the Pennsylvania Minimum Wage Law (43 PA. STAT. §§ 333.101, *et seq.*); and
(3) Failure to Timely Pay Earned Wages Under the Pennsylvania Wage Payment and Collection Law (43 PA. STAT. § 260.1, *et seq.*).

**DEMAND FOR JURY TRIAL**

## SUMMARY

1. Rachel "Rocky" Policare ("Policare") brings this class and collective action to recover unpaid wages and other damages from ChildCare Careers, LLC ("ChildCare").

2. ChildCare employed Policare as one of its Hourly Employees (defined below).

3. ChildCare paid Policare and its other Hourly Employees by the hour.

4. Policare and the other Hourly Employees regularly work more than 40 hours in a workweek.

5. But ChildCare does not pay Policare and the other Hourly Employees at least 1.5 times their true regular rates of pay for overtime hours worked.

6. Instead, ChildCare pays Policare and the other Hourly Employees non-discretionary bonuses that it excludes from these employees' regular rates of pay for overtime purposes (ChildCare's "bonus pay scheme").

7. ChildCare's bonus pay scheme violates the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA) by depriving Policare and the other Hourly Employees of premium overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked in excess of 40 in a workweek.

8. Additionally, ChildCare's bonus pay scheme violates the Pennsylvania Wage Payment and Collection Law (WPCL) by depriving Policare and the other Hourly Employees of agreed, earned wages, including overtime wages, on their regular paydays and/or following the termination of their employment.

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

10. This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. This Court has general personal jurisdiction over ChildCare because it is a California corporation.

12. Venue is proper in this District because ChildCare is headquartered in Brisbane, California, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## Divisional Assignment

13. Assignment of this case to the San Francisco/Oakland Division is proper because ChildCare is headquartered in San Mateo County. Civil L.R. 3-2(d).

## Parties

14. Policare worked for ChildCare as a recruiter and senior recruiter from approximately April 2023 until February 2026.

15. Throughout her employment, ChildCare paid Policare by the hour.

16. Throughout her employment, ChildCare subjected Policare to its bonus pay scheme.

17. Policare's written consent is attached as **Exhibit 1**.

18. Policare brings this class and collective action on behalf of herself and similarly situated ChildCare employees.

19. The putative FLSA collective of is defined as:

> **All hourly employees who ChildCare paid under its bonus pay scheme at any time during the past 3 years through final resolution of this action (the "FLSA Collective Members").**

20. Policare also seeks to represent a Pennsylvania class under Fed. R. Civ. P. 23 defined as:

> **All hourly employees who worked in, or were based out of, Pennsylvania[1] who ChildCare paid under its bonus pay scheme**

[1] The PMWA and WPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) employer's headquarters; (2) employee's physical presence working in Pennsylvania; (3) extent of employee's contact with Pennsylvania Employer, i.e., reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) employee's ability to bring her claim in another forum. *See Matthews v. BioTelemetry, Inc.*, No. 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

**during the past 3 years through final resolution of this action (the "Pennsylvania Class Members").**

21. The FLSA Collective Members and Pennsylvania Class Members are collectively referred to as the "Hourly Employees."

22. ChildCare is a California corporation with its principal place of business located in Brisbane, California.

23. ChildCare can be served through its registered agent: **Jason Jones, 2000 Sierra Point Pkwy, Suite 702, Brisbane, California 94005**, or wherever he may be found.

24. Each of the fictitiously named defendants participated in the acts alleged in this Complaint.

25. The true names and capacities of the defendants named as DOES 1 through 10, inclusive, are presently unknown to Policare.

26. Policare will amend this Complaint, setting forth the true names and capacities of these fictitiously named defendants when their true names are ascertained.

27. Policare is informed and believes, and on that basis alleges, that each of the fictitious defendant(s) have participated in the acts alleged in this Complaint.

## FLSA COVERAGE

28. At all relevant times, ChildCare was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

29. At all relevant times, ChildCare was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

30. At all relevant times, ChildCare was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, pens, paper, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

31. At all relevant times, ChildCare has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

32. At all relevant times, Policare and the other Hourly Employees were ChildCare's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

33. At all relevant times, Policare and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

34. ChildCare represents itself as "the largest staffing firm focused on early childhood education with 25 offices in ten states."[2]

35. To meet its business objectives, ChildCare employs workers, including Policare and the other Hourly Employees.

36. For example, ChildCare employed Policare as a recruiter from approximately April 2023 to April 2025 as well as a senior recruiter from approximately April 2025 until February 2026.

37. Policare's job duties included calling candidates (potential ChildCare new hires), sourcing, interviewing and onboarding new hires in ChildCare's office, as well as infrequently conducting events.

38. ChildCare paid Policare approximately $34.50 an hour.

39. Policare reported her "on the clock" hours to ChildCare.

40. ChildCare's records reflect Policare's "on the clock" hours each week.

41. ChildCare likewise pays its other Hourly Employees by the hour.

42. Policare and the other Hourly Employees regularly work more than 40 hours in a workweek.

43. Policare typically worked 8 to 9 hours a day and 5 days a week "on the clock" (40 to 45 hours a workweek).

44. The other Hourly Employees likewise generally work 40 to 45 hours "on the clock" in a workweek.

45. But under its bonus pay scheme, ChildCare does not pay Policare and the other Hourly Employees earned overtime wages at the required rates for all overtime hours worked.

---

[2] https://www.childcarecareers.com/about_us (last visited March 14, 2026).

46. Instead, ChildCare pays Policare and its other Hourly Employees non-discretionary bonuses it excludes when calculating their regular rates of pay for overtime purposes.

47. But ChildCare does not pay

48. Specifically, ChildCare agrees to pay and subsequently pays Policare and the other Hourly Employees non-discretionary bonuses, including recruitment bonuses, if they fulfill ChildCare's criteria.

49. But ChildCare excludes these non-discretionary bonuses from Policare's and the other Hourly Employees' regular rates of pay for overtime purposes during workweeks the bonuses are earned and these employees work more than 40 hours.

50. For example, during the pay period ending December 10, 2025, ChildCare paid Policare a $463.28 recruitment "Bonus" but failed to include this non-discretionary bonus in Policare's regular rate of pay for overtime purposes during this pay period, as well as all other pay periods:

Earnings

| Earnings | Rate | Hours | Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|---|
| Regular Hours | $33.00 | | $0.00 | 624:20 | $20,603.00 |
| Regular Hours | $34.50 | 71:45 | $2,475.38 | 1094:55 | $37,774.65 |
| Overtime Hours | $49.50 | | $0.00 | 01:40 | $82.52 |
| Overtime Hours | $51.75 | 00:11 | $9.49 | 01:32 | $79.36 |
| Holiday Hours | $33.00 | | $0.00 | 24:00 | $792.00 |
| Holiday Hours | $34.50 | 16:00 | $552.00 | 48:00 | $1,656.00 |
| PTO | $33.00 | | $0.00 | 22:33 | $744.15 |
| PTO | $34.50 | | $0.00 | 67:00 | $2,311.50 |
| Bonus | $0.00 | | $463.28 | | $6,084.05 |
| | | 87:56 | $3,500.15 | 1884:00 | $70,127.23 |

51. Because of ChildCare's bonus pay scheme, Policare and the other Hourly Employees did not receive overtime wages at a rates of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked over 40 in a workweek.

52. Thus, under its bonus pay scheme, ChildCare deprives Policare and the other Hourly Employees of earned overtime wages at the required rates —based on all remuneration—for hours worked in excess of 40 in a workweek.

## Class and Collective Action Allegations

53. Like Policare, the other Hourly Employees are victimized by ChildCare's bonus pay scheme.

54. Other Hourly Employees worked with Policare and indicated they were paid in the same or similar manner under ChildCare's bonus pay scheme.

55. Based on her experience with ChildCare, Policare is aware ChildCare's bonus pay scheme was imposed on other Hourly Employees.

56. The Hourly Employees are similarly situated in the most relevant respects.

57. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to earned overtime wages.

58. Therefore, the specific job titles or locations of the Hourly Employees do not prevent class and collective treatment.

59. Rather, ChildCare's bonus pay scheme render the Hourly Employees similarly situated for the purposes of determining their right to overtime pay.

60. ChildCare's records reflect the number of hours the Hourly Employees worked each week.

61. ChildCare's records further show it paid the Hourly Employees non-discretionary bonuses it excluded when calculating their regular rates of pay for overtime purposes.

62. The back wages owed to the Hourly Employees can therefore be calculated using the same formula applied to the same records.

63. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to ChildCare's records, and there is no detraction from the common nucleus of liability facts.

64. Therefore, the issue of damages does not preclude class and collective treatment.

65. Policare's experiences are typical of the experiences of the other Hourly Employees.

66. Policare has no interest contrary to, or in conflict with, the Hourly Employees that would prevent class and collective treatment.

67. Policare has an interest in obtaining the unpaid earned wages owed to the Hourly Employees under federal and Pennsylvania law.

68. Policare and her counsel will fairly and adequately protect the interests of the Hourly Employees.

69. Indeed, Policare retained counsel with significant experience in handling complex class and collective actions.

70. A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

71. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and ChildCare will reap the unjust benefits of violating the FLSA and Pennsylvania law.

72. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

73. Indeed, the multiplicity of actions would create hardship to the Hourly Employees, the Court, and ChildCare.

74. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

75. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

76. Among the common questions of law and fact are:

a. Whether ChildCare paid the Hourly Employees non-discretionary bonuses;

b. Whether ChildCare failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

c. Whether ChildCare failed to pay the Hourly Employees overtime wages at the required premium rates—based on all remuneration—for all overtime hours worked;

d. Whether ChildCare's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith;

e. Whether ChildCare failed to pay the Hourly Employees earned wages for all their hours worked, in violation of the WPCL;

f. Whether ChildCare's failure to pay the Hourly Employees all their earned wages was the result of a bona fide dispute; and

g. Whether ChildCare's violations were willful.

77. As part of its regular business practices, ChildCare intentionally, willfully, and repeatedly violated the FLSA and Pennsylvania law with respect to Policare and the other Hourly Employees.

78. ChildCare's bonus pay scheme deprived Policare and the other Hourly Employees of earned overtime wages they are owed under federal and Pennsylvania law.

79. There are many similarly situated Hourly Employees who have been denied earned overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

80. The Hourly Employees are known to ChildCare, are readily identifiable, and can be located through ChildCare's business and personnel records.

## CHILDCARE'S VIOLATIONS WERE WILLFUL, UNREASONABLE, AND NOT THE RESULT OF A *BONA FIDE* DISPUTE

81. ChildCare knew it employed Policare and the other Hourly Employees.

82. ChildCare knew it was subject to the PMWA's and FLSA's overtime provisions.

83. ChildCare knew the PMWA and FLSA required it to pay non-exempt employees, including Policare and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

84. ChildCare knew it was subject to the WPCL.

85. ChildCare knew the WPCL required it to pay employees, including its Hourly Employees, all earned wages, including overtime wages, on their regular paydays and following the termination of their employment.

86. ChildCare knew each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because it recorded these employees' "on the clock" hours worked via its timekeeping system.

87. ChildCare knew the Hourly Employees were non-exempt employees entitled to overtime pay.

88. ChildCare knew it paid the Hourly Employees non-discretionary bonuses.

89. ChildCare knew these non-discretionary bonuses were required to be but were not included in the Hourly Employees' regular rates of pay for overtime purposes.

90. And ChildCare knew the PMWA and FLSA required it to pay the Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

91. ChildCare's failure to pay Policare and the other Hourly Employees overtime at the required rates based on their true regular rates of pay for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

92. ChildCare's refusal to pay its Hourly Employees earned wages for all hours worked, including overtime, on their regular paydays and following the termination of their employment was unreasonable.

93. ChildCare's failure to pay its Hourly Employees their earned wages was not the result of a *bona fide* dispute.

94. ChildCare knew its conduct violated the FLSA, PMWA, and WPCL.

95. ChildCare knowingly, willfully, and/or in reckless disregard of applicable federal and Pennsylvania law carried out its unlawful bonus pay scheme that deprived Policare and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for hours worked after 40 in a workweek.

**COUNT I**
**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**
**(FLSA COLLECTIVE)**

96. Policare brings her FLSA claims as a collective action on behalf of herself and the other FLSA Collective Members.

97. ChildCare violated, and is violating, the FLSA by employing non-exempt employees (the FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked after 40 in a workweek.

98. ChildCare's unlawful conduct harmed the FLSA Collective Members by depriving them of earned overtime wages they are owed.

99. Accordingly, ChildCare owes the FLSA Collective Members the difference between the wages actually paid and the overtime wages actually earned.

100. Because ChildCare knew, or showed reckless disregard for whether, its bonus pay scheme violated the FLSA, it owes these wages for at least the past 3 years.

101. ChildCare is also liable to the FLSA Collective Members for an additional amount equal to all their unpaid wages as liquidated damages.

102. Finally, the FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA**
**(PENNSYLVANIA CLASS)**

103. Policare brings her PMWA claim as a class action on behalf of herself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

104. The conduct alleged violates the PMWA, 43 PA. STAT. §§ 333.101 *et seq*.

105. At all relevant times, ChildCare was subject to the PMWA because ChildCare was (and is) an "employer" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(g).

106. At all relevant times, ChildCare employed each Pennsylvania Class Member as its covered "employees" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(h).

107. The PMWA requires employers, like ChildCare, to pay non-exempt employees, including the Pennsylvania Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 in a workweek. 43 PA. STAT. § 333.104(c); *see* 34 PA. CODE §§ 231.41-43.

108. ChildCare violated, and is violating, the PMWA by employing non-exempt employees (the Pennsylvania Class Members) for workweeks in excess of 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek. *See* 43 PA. STAT. § 333.104(c); *see also* 34 PA. CODE §§ 231.41-43.

109. ChildCare's unlawful conduct harmed the Pennsylvania Class Members by depriving them of the overtime wages they are owed.

110. Accordingly, ChildCare owes the Pennsylvania Class Members the difference between the wages actually paid and the overtime wages actually earned, plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 333.113.

111. Finally, the Pennsylvania Class Members are entitled to recover their reasonable attorneys' fees and costs incurred in this action. *See* 43 PA. STAT. § 333.113.

**<u>COUNT III</u>**
**FAILURE TO PAY ALL WAGES EARNED UNDER THE WPCL**
**(PENNSYLVANIA CLASS)**

112. Policare brings her WPCL claims as a class action on behalf of herself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

113. ChildCare's conduct violates the WPCL. 43 PA. STAT. §§ 260.1, *et seq*.

114. At all relevant times, ChildCare was subject to the WPCL because ChildCare was (and is) an "employer" within the meaning of the WPCL. *See* 43 PA. STAT. § 260.2a.

115. At all relevant times, ChildCare employed each Pennsylvania Class Member as its covered "employees" within the meaning of the WPCL.

116. The WPCL requires employers, like ChildCare, to pay employees, including the Pennsylvania Class Members, all wages (including overtime) earned, due, and owing to them on their regular payday(s) and following the termination of their employment. *See* 43 PA. STAT. §§ 260.3 and 260.5.

117. ChildCare violated, and is violating, the WPCL by depriving the Pennsylvania Class Members of all wages earned, due, and owing to them on their regular paydays and/or following the termination of their employment. *See* 43 PA. STAT. §§ 260.3 and 260.5.

118. The Pennsylvania Class Members' earned wages have remained unpaid for more than 30 days from the date they were earned, due, and payable.

119. ChildCare's unlawful conduct harmed the Pennsylvania Class Members by depriving them of the earned wages they are owed.

120. ChildCare's failure to pay the Pennsylvania Class Members all their earned wages was not the result of a *bona fide* dispute.

121. Rather, ChildCare knowingly failed to pay earned wages to the Pennsylvania Class Members.

122. Accordingly, ChildCare owes the Pennsylvania Class Members their unpaid earned wages plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 260.9a.

123. ChildCare also owes the Pennsylvania Class Members liquidated damages in an amount equal to 25% of the total amount of wages due, or $500, whichever is greater. *See* 43 PA. STAT. § 260.9a.

124. Finally, the Pennsylvania Class Members are entitled to recover their attorney's fees and costs. See 43 PA. STAT. § 260.9a(f).

## RELIEF SOUGHT

WHEREFORE, Policare, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice to the Hourly Employees allowing them to join this action by filing a written notice of consent;

b. An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Policare and her counsel to represent the interests of the Hourly Employees;

d. An Order finding ChildCare liable to Policare and the other Hourly Employees for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An Order finding ChildCare liable to Policare and the other Hourly Employees for unpaid overtime wages owed under the PMWA plus all available penalty wages;

f. An Order finding ChildCare liable to Policare and the other Hourly Employees for unpaid earned wages owed under the WPCL plus liquidated damages in an amount equal to the greater of 25% of their unpaid wages or $500;

g. A Judgment against ChildCare awarding Policare and the other Hourly Employees all their unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA, PMWA, and/or WPCL;

h. An Order awarding attorneys' fees, costs, and expenses;

i. Pre- and post-judgment interest at the highest applicable rates; and

j. Such other and further relief as may be necessary and appropriate.

Date: March 25, 2026

Respectfully submitted,

*/s/ Olivia R. Beale*
Olivia R. Beale (SBN 364820)
**JOSEPHSON DUNLAP LLP**

*Counsel for Policare and the Hourly Employees*

## DEMAND FOR JURY TRIAL

Policare hereby demands a jury trial on all claims and issues, as she and the other Hourly Employees are entitled to a jury.

Date: March 25, 2026

Respectfully submitted,

*/s/ Olivia R. Beale*
Olivia R. Beale (SBN 364820)
**JOSEPHSON DUNLAP LLP**

*Counsel for Policare and the Hourly Employees*